**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0657n.06
Filed: October 31, 2008

**07-2531**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| ZAKIR HAKIM, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

Before: DAUGHTREY and GILMAN, Circuit Judges; MILLS,[*] District Judge.

**PER CURIAM.** Defendant Zakir Hakim pleaded guilty to aiding and abetting bank theft, a Class A misdemeanor, and was sentenced to 12 months in prison. He now takes issue with the severity of that punishment, contending both that the district court failed to address Hakim's objections to the suggested guideline range and that the sentence imposed was unreasonable. For the reasons detailed in this opinion, we disagree and affirm.

Hakim admitted at his plea hearing that he "withdrew money from [his] checking account knowing that the funds were not available." Similarly, he conceded that he also

---

[*]The Hon. Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

assisted Jason Shudell and Tiffany Shudell in making withdrawals of other unavailable funds from the Charter One Bank. In fact, all told, the defendant and the Shudells illegally withdrew $31,159.35 from the bank using the credit card option on the institution's automated teller machines so that the transactions were processed without the accounts being debited immediately.

In its presentence report, the probation office suggested that Hakim's guideline base offense level of six be increased by six additional levels due to the monetary amount lost by the bank in the crime, *see* USSG § 2B1.1(b)(1)(D), and by two levels because of the defendant's role as an organizer and leader, *see* USSG § 3B1.1(c). Consequently, even after the defendant was granted a two-level downward adjustment for his acceptance of responsibility, his total offense level of 12, in conjunction with his criminal history category of III, subjected Hakim to a guideline sentencing range of 15-21 months. Because the maximum punishment allowed by statute for the offense of conviction was only 12 months, however, the district court eventually imposed a 12-month prison sentence, one year of supervised release, and ordered the defendant to pay restitution to the bank in the amount of $31,159.35.

On appeal, Hakim first asserts that the district judge erred in finding him to be an organizer and leader in the crime. Prior to the sentencing hearing, Hakim's original counsel did lodge a written objection to this § 3B1.1 adjustment because of his belief that, "under the facts of this case, co-defendants were equally culpable, thus equally accountable for

any substantiated loss in this matter." However, at sentencing Hakim failed to voice this objection, despite being afforded the opportunity by the district judge to highlight "any objections, additions, corrections or deletions that [the defendant] wish[ed] to bring to [the judge's] attention." In fact, the defendant's new counsel acknowledged Hakim's "leadership role in what could be considered to have been a [sic] opportunistic, relatively atavistic crime." Consequently, the defendant forfeited his challenge to the sentencing determination, leading to our review for plain error only. *See United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004) .

Although the defendant's first attorney did contest the "leadership" designation, the response of the probation department to the defense objection indicated that Hakim "recruited Jason Shudell and Tiffany Shudell, as well as directing them in making the fraudulent bank transactions." That assertion was not contested at the subsequent sentencing hearing. Moreover, neither Hakim nor the attorney who represented him at sentencing lodged any objection to the following factual assertion that was also contained in the presentence report:

> Jason P. Shudell admitted to participating in the bank fraud scheme *under the direction of HAKIM*, and received $7,500.00 cash compensation for his role in the offense. Investigation revealed that *HAKIM instructed Jason P. Shudell* to open the account at Charter One Bank and *HAKIM provided him with the ATM card*. *HAKIM advised Jason P. Shudell* that he deposited money into the account and not to touch it. HAKIM and Jason P. Shudell then made their April 2002 withdrawals together at the Motor City Casino, MGM Grand Casino, and Charter One Bank locations.

(Emphasis added.)  Absent timely objection, the district judge was justified in concluding from these statements that the preponderance of the evidence established that Hakim was indeed a leader in the offense.  This first allegation of error is, therefore, without merit.

The defendant also contends that his 12-month sentence is unreasonable, both because the district court emphasized too heavily Hakim's past criminal record instead of his more positive characteristics, and because co-defendant Jason Shudell received a more lenient sentence of probation rather than a term of incarceration.  We review a district court's sentencing determination for reasonableness, using the deferential abuse-of-discretion standard.  *See United States v. Pearce*, 531 F.3d 374, 384 (6th Cir. 2008).  Our review in this regard "has both a procedural and a substantive component."  *United States v. Erpenbeck*, 532 F.3d 423, 430 (6th Cir. 2008) (citing *Gall v. United States*, 128 S.Ct. 586, 592, 597 (2007)).

As a procedural matter, the district judge must have calculated the guidelines range properly, recognized the advisory nature of the guidelines, considered the sentencing factors listed in 18 U.S.C. § 3553(a), avoided reliance on clearly erroneous facts, and explained the chosen sentence adequately.  *See id.*  "In evaluating the substantive aspect of a sentence, we may apply a rebuttable presumption of reasonableness to sentences within the guidelines.  We also give due deference to the district court's conclusion that the sentence imposed is warranted by the § 3553(a) factors."  *Pearce*, 531 F.3d at 384 (citing

*Gall* and *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007)) (internal quotation marks omitted).

Contrary to Hakim's contention, the district judge adequately considered all relevant § 3553(a) factors in imposing the sentence he did. The judge commented on the defendant's stable family background and noted both Hakim's efforts to obtain a GED degree and his $2,000-per-month job. Nevertheless, the district court's decision to impose upon the defendant the most severe sentence permitted by statute was informed by Hakim's extensive criminal record -- a record of both convictions and arrests that comprised 32 paragraphs of the presentence report -- and his inability to reform his behavior, even after earlier convictions and grants of leniency. As stated by the district judge, "This tells me that you may have a real problem complying with the laws of society, not only in the past, but in the future." Furthermore, the court considered the seriousness of the offense, the need to promote respect for the law and provide just punishment, and the desire to deter further unlawful conduct. Although the district court did not impose the sentence that defense counsel advocated, that fact, by itself, does not necessarily establish the judge's failure to consider appropriate, mandated sentencing factors or the imposition of an unreasonable sentence.

Moreover, the defendant's sentence is not rendered unreasonable simply because Hakim's co-defendant was placed on probation rather than receiving a prison sentence similar to Hakim's. The provisions of 18 U.S.C. § 3553(a)(6) calling for the avoidance of

"unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" are not directed to the elimination of sentence disparities between any two similarly-situated defendants. Indeed, "[a] sample size of two defendants is not sufficient to show such a disparity." *United States v. Smith*, 510 F.3d 603, 610 (6th Cir. 2007), *cert. denied*, 128 S.Ct. 1910 (2008). Rather, "§ 3553(a)(6) is intended to ensure that there are no unwarranted disparities between the sentence of the defendant in question and the sentences of other defendants in the aggregate." *Id.* In light of Hakim's extensive criminal record and the failed past attempts to reform his conduct by measures less severe than incarceration, we conclude that any sentence disparity that is present in this matter is justified and that the 12-month sentence is, therefore, reasonable.

For the foregoing reasons, we AFFIRM the judgment of conviction and the sentence of imprisonment imposed upon Hakim.